

ATTORNEY GENERAL OF TEXAS

March 7, 2023

The Honorable B.D. Griffin
Montgomery County Attorney
501 North Thompson, Suite 300
Conroe, Texas 77301

**Opinion No. KP-0436**

Re: Authority of a county under Transportation Code chapter 251 to abandon or rename a public road not included in the county maintenance system (RQ-0475-KP)

Dear Mr. Griffin:

You ask about the county's authority to abandon or rename a public road pursuant to specified sections in chapter 251 of the Transportation Code when such a road has "not been accepted into the county maintenance system."[1] You express concern that previous opinions of this office conclude that a county's non-acceptance of a road for maintenance limits the authority it has with respect to the road in certain contexts.[2] *See* Request Letter at 2–3 (referring to Tex. Att'y Gen. Op. Nos. GA-0809 (2010), GA-0139 (2004), and M-534 (1969)).

**Abandonment of a Public Road**

Your first question concerns abandonment of a public road pursuant to section 251.051 of the Transportation Code, which provides in subpart (a) that a commissioners court "shall . . . order that *public roads* be laid out, opened, discontinued, closed, abandoned, vacated, or altered[.]"[3] TEX. TRANSP. CODE § 251.051(a)(1) (emphasis added); *see also* Request Letter at 1. The statute uses the phrase "public road," as opposed to "county road." A related provision, which describes the limited circumstances under which a property owner may enjoin such an order of the commissioners court, likewise refers to the order as one "to close, abandon, and vacate a *public road* . . . ." TEX. TRANSP. CODE § 251.058(a) (emphasis added). Yet elsewhere in chapter 251, the

---

[1]Letter from Honorable B.D. Griffin, Montgomery Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 19, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0475KP.pdf ("Request Letter").

[2]You also note that other opinions regarding the commissioners court's power over roads either presume the roads in question are county-maintained roads or create ambiguity regarding the matter, which limits their usefulness in answering your questions. *Id*. at 2–3 (referring to Tex. Att'y Gen. Op. Nos. GA-0693 (2009), GA-0430 (2006), and JM-1241 (1990)).

[3]To abandon a public road "means to relinquish the public's right of way in and use of the road." TEX. TRANSP. CODE § 251.001(1).

Legislature sets forth the elements for abandonment of a "county road." *See id.* § 251.057(a) (providing that a "county road" is abandoned "when its use has become so infrequent that one or more adjoining property owners have enclosed the road with a fence continuously for at least 20 years").

### Public Road vs. County Road

The Legislature did not define "public road" or "county road" for purposes of chapter 251 except to specify that "[a] public road or highway that has been laid out and established according to law and that has not been discontinued is a public road." *Id.* § 251.002; *see also id*. § 251.001(2) ("'Discontinue' means to discontinue the maintenance of the road."). The Texas Supreme Court long ago explained that "[a]ll roads which have been laid out and established by authority of the commissioners' courts are public roads." *Worthington v. Wade*, 17 S.W. 520, 520–21 (Tex. 1891) (referring to a road's public status "in the sense that the public [has] the right to use it"); Tex. Att'y Gen. Op. No. GA-0659 (2008) at 2 (stating that "a 'public road' in the broadest sense is a road that, whether as a result of governmental action or otherwise, the public is entitled to use as a matter of right, as distinguished from a private road"). But "[a] public road is not necessarily part of the county road system" which the county maintains. Tex. Att'y Gen. Op. No. GA-0359 (2005) at 1–2. Instead, a county may choose to accept a public road into the county's road system. *See* TEX. TRANSP. CODE § 251.003(a)(1) (authorizing the commissioners court to "make and enforce all necessary rules and orders for the . . . maintenance of public roads"). Such roads are commonly understood to be "county roads." *See Burke v. Thomas*, 285 S.W.2d 315, 320 (Tex. Civ. App.—Austin 1955, writ ref'd n.r.e) (stating that "the term 'county road' . . . means a public way for normal means of travel within a county *under county supervision and control*" (emphasis added)); Tex. Att'y Gen. Op. Nos. GA-0594 (2008) at 4 (stating that roads dedicated to the public "would not be county roads unless the commissioners court accepted the roads into the county road system"), GA-0659 (2008) at 2–3 (explaining the difference between public roads and county roads). Thus, while all county roads are public roads, not all public roads are county roads. *See* Tex. Att'y Gen. Op. No. GA-0659 (2008) at 2–3.

This distinction between a "public road" and a "county road" is not apparent through the use of formal definitions in chapter 251, but courts "presume the Legislature chose statutory language deliberately and purposefully[.]" *Hogan v. Zoanni*, 627 S.W.3d 163, 169 (Tex. 2021) (quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014)). Here, the Legislature used the phrase "public road" in reference to road abandonment pursuant to sections 251.051 and 251.058, and the phrase "county road" in reference to road abandonment pursuant to section 251.057.[4] At least one court in an unpublished opinion concluded that use of the phrase "county road" in subsection 251.057(a) limits its application to roads that have been accepted into the county road system. *See Newton v. Williams*, No. 03-18-00234-CV, 2018 WL 3356711, at *4 (Tex. App.—Austin July 10, 2018, no pet.) ("Roads that are not county roads are not subject to abandonment pursuant to Transportation Code section 251.057."). In contrast, nothing in the text of either subsection 251.051(a) or section 251.058 limits the power of the commissioners court to abandon a public road to only those roads for which the county provides

---

[4]Section 251.057 also provides that, once abandoned, the road may be reestablished not as a county road but "as a public road only in the manner provided for establishing a new road." TEX. TRANSP. CODE § 251.057(a).

maintenance. *See* TEX. TRANSP. CODE §§ 251.051(a), .058. Nor does the definition of "abandon" in subsection 251.001(a)—"to relinquish the public's right of way in and use of the road"—incorporate any aspect of county maintenance into its meaning. *Id.* § 251.001(a).

Numerous cases establish that county maintenance does not determine whether a road has been abandoned. *See, e.g.*, *Rutledge v. Staner*, 9 S.W.3d 469, 472 (Tex. App.—Tyler 1999, pet. denied) ("Abandonment of a public road is not established by a county's failure to maintain it."); *Compton v. Thacker*, 474 S.W.2d 570, 574 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.) ("Neither is abandonment established by discontinuance of county maintenance."); *see also Betts v. Reed*, 165 S.W.3d 862, 871 (Tex. App.—Texarkana 2005, no pet.); *Cowan v. Worrell*, 638 S.W.3d 244, 257 (Tex. App.—Eastland 2022, no pet.). In cases where counties no longer provided maintenance on a public road, several courts have pointed to the lack of formal action by the commissioners court as evidence that the road was not abandoned, suggesting that the commissioners court could have taken such action. *See, e.g.*, *Compton*, 474 S.W.2d at 574 (stating that the discontinuance of maintenance did not show abandonment "[s]ince no formal order of the commissioners' court abandoning the road was shown"); *Betts*, 165 S.W.3d at 870 (explaining that the county had ceased to maintain road but there was "no evidence the commissioner's court has formally ordered that [the road] is abandoned"); *see also Taylor v. Cantu*, No. 01-19-00353-CV, 2020 WL 6878729, at *8 (Tex. App.—Houston [1st Dist.] Nov. 24, 2020, no pet.) (stating that the public road which the county never accepted into its road system remained public "because [the commissioners court] has not abandoned the platted road/public right-of-way").

In sum, because subsection 251.051(a) uses the term "public road" rather than "county road," its application is likely not limited to roads that have been accepted into the county maintenance system.[5] Accordingly, a court would likely conclude that subsection 251.051(a) authorizes a commissioners court to abandon a public road that has not been accepted by the county into its maintenance system.[6]

**Naming or Renaming a Public Road**

You also ask whether subsection 251.013(b) authorizes a "commissioners court to name or rename a public road that has not been accepted by the county into its maintenance system[.]" Request Letter at 1. Subsection 251.013(b) in relevant part authorizes a commissioners court "by order [to] adopt a name for a public road located wholly or partly in an unincorporated area of the

---

[5]Opinion GA-0659 observed that subsection 251.051(a) is an example of a provision that "uses the term 'public road' to denote a road in the county system of roads." Tex. Att'y Gen. Op. No. GA-0659 (2008) at 2, n.3. While this could be the case, such as when a commissioners court enters a formal order to "discontinue" a public road, GA-0659 should not be read to suggest that subsection 251.051(a) refers exclusively to county roads.

[6]The prior opinions of this office that you bring to our attention do not change our view. *See* Request Letter at 2. Opinion M-534, for example, was written prior to the statutory amendment that added "closed, abandoned, [and] vacated" to subsection 251.051(a)(1)'s predecessor and defined "abandon." *See generally* Tex. Att'y Gen. Op. No. M-534 (1969); *see also* Act of May 20, 1989, 71st. Leg., R.S., ch. 428, §§ 1, 3, 1989 Tex. Gen. Laws 1574, 1574–1575. Opinion GA-0139 cited M-534 with no analysis and concerned the removal of obstructions from a road, which is not at issue here. *See generally* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 4. And Opinion GA-0809 concerned the regulation of traffic pursuant to a provision expressly limited to county roads. *See generally* Tex. Att'y Gen. Op. No. GA-0809 (2010) at 2.

county . . . ." TEX. TRANSP. CODE § 251.013(b); *see also id.* § 251.013(a) (authorizing the commissioners court to "adopt uniform standards for naming public roads" that would "apply to any new public road that is established"), 251.013(d) (requiring a public hearing and advance notice of the hearing before the commissioners court may adopt an order). We find no judicial opinions construing this provision and the sole Attorney General opinion addressing subsection 251.013(b), Opinion JC-0301, as you point out, "creates an ambiguity as to whether the opinion applied only to county roads or included public roads not accepted by the county" for maintenance. Request Letter at 3; *see also* Tex. Att'y Gen. Op. No. JC-0301 (2000) at 1–2.

Like subsection 251.051(a), subsection 251.013(b) uses the term "public road," and nothing in the text of the provision suggests that providing maintenance to the road is a prerequisite to naming a road. Indeed, the plain language of the statute imposes no criteria for adopting a name for a public road, other than its location being "wholly or partly in an unincorporated area of the county" and the action occurring "by order" of the commissioners court after "conducting a public hearing on the proposed order" following proper notice. TEX. TRANSP. CODE § 251.013(b), (d). Accordingly, a court would likely conclude that subsection 251.013(b) authorizes a commissioners court to name a public road that has not been accepted by the county into its maintenance system. A court would also likely conclude that the authority to name a public road pursuant to subsection 251.013(b) includes the authority to rename a public road. *See* Tex. Att'y Gen. Op. No. JC-0301 (2000) at 2 ("The authority of a political subdivision to name a public road has been construed to include the authority to change its name.").

## S U M M A R Y

Transportation Code chapter 251 governs general county authority relating to roads and bridges. A court would likely conclude that subsection 251.051(a)(1) authorizes a commissioners court to abandon a public road that has not been accepted into a county's road maintenance system. Likewise, a court would likely conclude that subsection 251.013(b) authorizes a commissioners court to name or rename a public road that has not been accepted into the county's road maintenance system.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT E. WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee